**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4173-19

GAIL ROSSO,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and EDWIN J. GARINO,
D.D.S., L.L.C.,

     Respondents.

_____

Submitted November 10, 2021 – Decided February 28, 2022

Before Judges Fuentes and Gummer.

On appeal from the Board of Review, Department of Labor, Docket No. 207504.

Gail Rosso, appellant pro se.

Andrew J. Bruck, Acting Attorney General, attorney for respondent Board of Review (Donna Arons, Assistant Attorney General, of counsel; Andy Jong, Deputy Attorney General, on the brief).

PER CURIAM

The Board of Review of the New Jersey Department of Labor affirmed a decision of the Department's Appeal Tribunal, disqualifying claimant Gail Rosso from receiving unemployment benefits under N.J.S.A 43:21-5(a) because she had left work voluntarily for reasons unrelated to her work. Claimant appeals the Board's decision, which we affirm.

Claimant was employed by Edwin J. Garino, D.D.S., L.L.C. from May 1987 through February 5, 2020. She worked as an office manager in Dr. Garino's dental practice. Claimant applied for unemployment benefits. A deputy from the Department's Division of Unemployment Insurance disqualified claimant from receiving benefits, finding she had left her job voluntarily on January 12, 2020, "to move out of the area." The deputy found that reason to be "personal" and not "good cause attributable to the work."

Claimant appealed the deputy's decision. During a hearing before the Appeal Tribunal, the examiner asked claimant what reason she had given her employer for her resignation. She testified: "the fact that he was going to be retiring shortly and I would not have a job, and also my husband lost his job in January and couldn't find another job. So, we chose to move to Florida near our family so that he could . . . get new employment." She also stated she would have stayed at her job if her husband had not lost his job. When asked again for

the reason she had given her employer as to why she was leaving her job, claimant testified, "[b]ecause my husband was losing his job. He was told that he only had two months left and he had to leave in January. . . . he was looking for other work and couldn't find any so we decided to move to Florida to be near our family." When asked why they were relocating to Florida, she responded: "so my husband could find a job easier than in New Jersey. He tried. He couldn't find one. Since we have family here we thought we would move closer to them so that we have the support of them until he could find a job." Given an opportunity to provide additional information to the Tribunal, claimant testified:

> the reason I left is obviously because my husband lost his job. Tried to find new employment and could not. He had been looking for quite a while, and mixed with that and the fact I was only working two days a week now in the job I had been at 32 years, it took a lot for me to . . . leave, but after my husband lost his job and my boss cut his hours down, and was bringing in a new dentist shortly, and now with the coronavirus I wouldn't have had a job anyway right at this moment, we decided the best option would be to live closer to family for support until my husband found a job. I didn't take it lightly, believe me. I've been with him a very long time. It's a very hard thing to do but we had no income except for mine and . . . it wasn't making the bills. So, that's the reason I left.

Although her employer had reduced her hours, he had not reduced her salary. He also had not told her he was going to terminate her for any reason. Claimant

confirmed no one had told her she would lose her job when the new dentist arrived: "No, I was just saying that's what I was thinking, but that's not the reason I left. I left because of my husband . . . losing [his] job . . . and not finding work."

After the hearing, the Tribunal issued a written decision affirming the deputy's decision. The Tribunal found claimant had resigned "to relocate[] . . . to Florida with her husband so he could find a new employment because he was going to be losing his job in [January] and they have family in Florida and be closer for their support while her husband [was] looking for work." The Tribunal also found claimant would have continued to work for her employer if her husband had not lost his job. The Tribunal determined, pursuant to N.J.S.A. 43:21-5(a), claimant was disqualified for benefits because her reason for relocating to Florida was "personal and unrelated to the work itself" and she had "left work voluntarily without good cause attributable to such work."

Claimant appealed the Tribunal's decision to the Board. The Board affirmed the decision.

On appeal, claimant contends the future of her job was "uncertain" because Dr. Garino planned to retire "some time soon with no determined date, which left his employees uncertain about their future . . . ." She asserts she had

to "weigh the choice of staying in a position with no certain future . . . or to resign from her position . . . to follow her husband to Florida to support his search for employment." She also argues she has been unable to find employment due to the COVID-19 pandemic and has an increased need for unemployment benefits.

The scope of our review of an administrative agency's final determination is strictly limited. Brady v. Bd. of Rev., 152 N.J. 197, 210 (1997); see also Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018) ("Judicial review of agency determinations is limited."). An agency's decision may not be disturbed on appeal unless it is arbitrary, capricious, unreasonable, or inconsistent with applicable law. Brady, 152 N.J. at 210. "If the Board's factual findings are supported 'by sufficient credible evidence, courts are obliged to accept them.'" Ibid. (quoting Self v. Bd. of Rev., 91 N.J. 453, 459 (1982)). "[I]n reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether an appellate court would come to the same conclusion if the original determination was its to make, but rather whether the factfinder could reasonably so conclude upon the proofs." Ibid. (quoting Charatan v. Bd. of Rev., 200 N.J. Super. 74, 79 (App. Div. 1985)); see also Futterman v. Bd. of Rev., 421 N.J. Super. 281, 287 (App. Div. 2011).

5

To avoid disqualification, claimant had the burden of establishing she had left work for "good cause attributable to work." Brady, 152 N.J. at 218; see also N.J.S.A. 43:21-5(a) (providing an employee who "has left work voluntarily without good cause attributable to such work" is disqualified from unemployment compensation benefits). "Good cause attributable to such work" is defined in N.J.A.C. 12:17-9.1(b) as "a reason related directly to the individual's employment, which was so compelling as to give the individual no choice but to leave the employment." An employee has left work "voluntarily" within the meaning of the statute "only if 'the decision whether to go or to stay lay at the time with the worker alone.'" Lord v. Bd. of Rev., 425 N.J. Super. 187, 191 (App. Div. 2012) (quoting Campbell Soup Co. v. Bd. of Rev., 13 N.J. 431, 435 (1953)). Accordingly, an employee who quits a job without a sufficient work-related reason is disqualified from receiving benefits. See Self, 91 N.J. at 457.

Applying these principles, we find no error in the Board's decision to deny benefits. Based on her testimony at the hearing, the Tribunal found claimant had "left work voluntarily without good cause attributable to such work." The Board adopted that finding, which was supported by substantial credible evidence in the record. Moreover, the Board's determination that claimant's

reason for leaving work did not constitute good cause attributed to the work is consistent with well-established law.

The Tribunal had an opportunity to consider whether claimant's resignation was due to her husband's loss of employment and their decision to relocate to Florida or to her employer's plan to retire some undetermined time in the future. Given claimant's testimony that her employer's retirement plans were not definite, no one had told her she was losing her job, no one had told her she would lose her job when a new dentist arrived, and she would have continued to work for her employer had her husband not lost his job, and her repeated assertion she left her job because her husband had lost his job and they wanted to relocate to Florida, we discern no error in the ultimate determination claimant had "left work voluntarily without good cause attributable to such work."

Claimant's remaining argument lacks sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4173-19